OPINION
FACTS
The facts of this case indicate that on March 9, 1997, Officer Elizabeth Grey Bear of the Fort Peck Tribal Police, observed James Bighorn driving east on the Indian Highway South of Poplar, Montana. Officer Grey Bear followed Mr. Bighorn for about a mile from the point of her first view of the suspect, while following Mr. Bighorn, she activated her emergency lights, siren and horn in order to stop him. Apparently, Mr. Bighorn was traveling at a high rate of speed and swerving over the center line. Officer Grey Bear testified that, after stopping Mr. Bighorn and talking with him, that it appeared to her Mr. Bighorn had been drinking, but not drunk. His condition was not obvious. After the stop, Officer Grey Bear asked Mr. Bighorn whether he had been drinking. He said that he had “a couple”. Officer Grey Bear then took Ms drivers license and went back to her patrol car and called dispatch for an officer that could assist her with a field sobriety test. Shortly thereafter, Officer Jose Figueroa arrived on the scene and performed some field sobriety tests on Mr. Bighorn. Officer Grey Bear observed the tests. She testified that the defendant refused to complete the test and that he said he couldn’t do it because he was “too drunk”. At that point, Jose Figueroa determined that the defendant had failed the sobriety test and advised him of his Tribal Rights. [Which are consistent with the Miranda Warnings], see Miranda v. Arizona 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
At trial, Officer Elizabeth Grey Bear testified that the defendant was read his Tribal Rights and was also read the Implied Consent Law of the Fort Peck Tribes. Apparently the defendant refused the breath and urine test.
At trial, both Officers Grey Bear and Figueroa, testified that the defendant admitted to being drunk. Their testimony indicates that the admissions were made voluntarily and prior to Mr. Bighorn being given his Tribal Rights, place under arrest and finally taken into custody.
On appeal, the defendant/appellant, Mr. Bighorn raises several issues, however, this court has accepted for review only one issue.
Issue
Whether the self-incriminatory statements of the defendant made at the time of the traffic stop, were rightfully admitted into evidence by the trial court judge?
Rules of Law
Voluntary statements made by an individual to a police officer outside of a custody interrogation, are admissible and do not violate the suspects right to protection from self-incrimination given by the *123 5th Amendment and the Indian Civil Rights Act of 1968.
The 5th Amendment and the Indian Civil Rights Act of 1968 provides that an individual cannot be compelled to testify against himself in any court of law, and that an individuals statements made as a result of coercion or unlawful interrogations, while in custody; cannot be used as statements against his interest in any court of law. In order to guarantee the 5th Amendment rights and the Indian Civil Rights Act provisions against self incrimination, tribal police officers must upon arrest, and taking a person into custody, give that person notice of his Tribal Rights, which includes his right to protection against self-incrimination.
In California v. Beheler, 463 U.S. 1121, 103 S.Ct. 3517, 77 L.Ed.2d 1275 (1983) The Supreme Court of the United States set forth the rule of law that Miranda Warnings are not required unless the suspect is placed in custody and under interrogation. The Beheler court stated, quoting Miranda v. Arizona, “by custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom or action in any significant way.” 384 U.S. at 444, 86 S.Ct. at 1612 (omitted). See also California v. Beheler, at 103 S.Ct. 3517, 3519.
The circumstances of each case must certainly influence a determination of whether a suspect is “in custody” for purposes of receiving Miranda Protection, the ultimate inquiry is simply whether there is a “formal arrest or restraint on freedom of movement” of the degree associated with a formal arrest. See Oregon v. Mathiason, 429 U.S. 492, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977). The circumstances in this case indicate that Mr. Bighorn voluntarily disclosed that he had been drinking and that he was drunk and that these voluntary statements came prior to Mr. Bighorn being placed under formal arrest-and before the officers placed any restraint on his movement.
At trial, Mr. Bighorn denied that he had made voluntary, self-incriminating statements. However, Mr. Bighorn appealed the lower courts decision based on the court denying his motion to dismiss the case because he had made self-incriminatory statements. He asserts in his appeal that because the Tribal Court failed to exclude the self-incriminatory statements that his right not to be compelled to be a witness against himself was violated.
The Indian Civil Rights Act of 1968 and The United States Constitution’s 5th Amendment right to be protected against self-incriminatory statements does not extend to voluntary statements made prior to a person being taken into custody.
This court finds that the Tribal Court rightfully admitted into evidence the voluntary statements made to the officers by Mr. Bighorn, prior to custody and arrest. And for such reason, it is the holding of this court that Mr. Bighorn rights to be protected against self-incriminatory statements were not violated. Tribal Court decision is AFFIRMED.
NOWTHEREFORE, it is the order of this court that the lower court decision granting the continuance is hereby affirmed. The matter is hereby remanded to the Tribal Court for Further proceedings.